IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWAINE WRIGHT,                          :

    Petitioner,                         :      Case No. 3:11CV00096

vs.                                     :      District Judge Timothy S. Black
                                                      Magistrate Judge Sharon L. Ovington

OHIO ATTORNEY GENERAL, et al.,          :

    Respondent.                         :

                                        :

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

In November 1978, Dwaine Wright pled guilty to a charge of burglary in the Montgomery County, Ohio Court of Common Pleas. *See Ohio v. Wright,* 2010 WL 1741789 (Ohio App. 2010). Wright was sentenced to a term of two to fifteen years. (Doc. #1 at 1).Wright's sentence has since expired. Wright is currently in federal custody on a separate charge. Wright brings the instant case *pro se* seeking a writ of habeas corpus 28 U.S.C. §2254.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

## II. WRIGHT'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

In 1977, Wright pled guilty to robbery and was sentenced to a term of two to fifteen years. *Ohio,* 2010 WL 1741789.  Wright was released on probation in 1978 but his probation was revoked after he was arrested for burglary. *Id*.  Wright pled guilty to burglary on November 3, 1978 and was sentenced to a term of two to fifteen years. *Id*. Wright did not file a direct appeal of his conviction or his sentence in the Ohio Court of Appeals or the Ohio Supreme Court until November 2008. *Id*. The trial court construed Wright's appeal as a petition for post conviction relief or in the alternative, a motion to withdraw his guilty plea. *Id*. The trial court overruled both the petition for post conviction relief and the motion to withdraw his guilty plea due to untimeliness. *Id*.  The Second District Court of Appeals affirmed. *Id*. Wright then appealed to the Ohio Supreme Court. (Doc. #1 at 3). On August 25, 2010, the Ohio Supreme Court dismissed his appeal. *Id*.

Wright filed his federal habeas Petition on March 24, 2011. His Petition raises four grounds for relief:

Ground One: Ineffective assistance of counsel.

    Counsel failed to investigate Petitioner's mental background, counsel aloud the Petitioner to entered into a plea without Petitioner's full understanding what he was pleading to, Petitioner was merely "parroting" what counsel told him to say at the plea colloquies, being unlearned in law, and incompetent, Petitioner did as he was told.

Ground Two: Competent to stand trial, competent to enter into the plea of guilty without the psychiatric examination.

    The records and transcripts of the sentencing hearings support the facts above, Petitioner was not competent to stand trial nor entered

|||
|---|---|
| | into any plea agreement. |
| Ground Three: | Withdraw guilty. |
| | Petitioner guilty plea shouldn't have been excepted, Petitioner plea was taking in violation of Rule 11. Petitioner didn't understand what he was pleading to nor understood the nature of the charge or offense he pleaded guilty to by "parroting" what counsel told him to say. |
| Ground Four: | 1977 & 1978 sentence directly affects the duration of the movant confinement under the sentence he is presently serving. |
| | The movant 2254 relief sought is framed as an attack on his presnet sentence which he is still "in custody." (Doc. #1 at 4-6). |

### III. JURISDICTION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)). A habeas petitioner is not "in custody" after his sentence has completely expired. *Id.* at 492.

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Id.* The Petitioner's sentence for his 1978 burglary conviction has completely expired. Additionally, Petitioner's sentence was expired when he filed his habeas corpus petition.

Therefore, this Court does not have jurisdiction to consider Petitioner's habeas corpus petition.

## IV. WRIGHT'S PETITION IS TIME BARRED

Petitioner's conviction became final prior to the enactment of the AEDPA and he therefore had until April 24, 1997 in which to file his petition. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210, 120 S. Ct. 2211, 147 L. Ed. 2d 244 (2000). Wright did not file his habeas petition until March 2011, more than thirteen years too late.  Consequently, even if this Court had jurisdiction, his habeas petition is untimely.

### IT IS THEREFORE RECOMMENDED THAT:

1. Dwaine Wright's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal is warranted, the Clerk of Court is directed to serve  a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Wright.

June 7, 2011

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).